UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANESH GUPTA,**

      **Plaintiff,**

v.                                                     Case No: 6:21-cv-2148-PGB-EJK

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff Anesh Gupta's Motion for Leave to Take Limited Discovery and Extension of Time to File Response to Defendant's Motion to Dismiss (the "Motion"), filed May 11, 2022. (Doc. 22.) Defendant failed to file a timely response.[1] Upon consideration, the Motion is due to be denied.

Plaintiff filed the instant action against Defendant on December 22, 2021, seeking "declaratory judgment under Illinois Law - Illinois Composite Statute 735 ILCS 5/2-701, for determination of the rights of the Plaintiff to insurance coverage benefit under the Under-Insured motorist endorsement on his Illinois Auto Insurance Policy, issued by the Defendant." (Doc. 1 at 1) (emphasis removed). On April 27, 2022, Defendant filed a Motion to Dismiss the Complaint, or in the alternative,

---

[1] The instant Motion was filed on May 11, 2022. (Doc. 22.) Defendant filed a response in opposition, or in the alternative, motion to strike, on May 31, 2022. (Doc. 27.) However, Defendant's response was due May 25, 2022. As such, the Motion is construed as unopposed. *See* Local Rule 3.01(c).

Motion for a More Definite Statement, arguing that Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has "failed to plead any facts sufficient to support the alleged cause of action." (Doc. 13 at 3.) Specifically, Defendant contends that Plaintiff has claimed entitlement to an at-issue insurance policy but "failed to provide any policy provisions that indicate his coverage would apply to the collision referenced in ¶ 5 of [Plaintiff's] Complaint." (*Id.* at 5.) In the instant Motion, Plaintiff argues that he needs to conduct limited discovery to respond to Defendant's motion because "[t]he alleged Insurance Policy and the applicable provisions which the Defendant claim to be missing are in the hands of the Defendant and are not with the Plaintiff." (Doc. 22 at 10.) The undersigned stayed Plaintiff's deadline to respond to the Motion to Dismiss pending resolution of the instant Motion. (Doc. 23.)

Limited discovery in response to a motion to dismiss may be appropriate in certain instances, such as when a defendant alleges absence of personal jurisdiction. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Nore v. Fulton Cty. Bd. of Educ. & Fulton Cty. Sch. Dist.*, No. 1:08-cv-0311-JTC-AJB, 2008 U.S. Dist. LEXIS 126915, at *8–9 (N.D. Ga. Aug. 19, 2008) (citing *Chudasama*, 123 F.3d at 1367). However, in most instances, the "complaint when filed must allege sufficient facts to raise a right to relief above the speculative level or merely creates a suspicion of a legally cognizable right of action." *Arora v. Paige*, 855 F. App'x 667, 670 (11th Cir. 2021). Because the complaint must allege sufficient facts to state a claim for relief *when filed*, discovery cannot be used as a "device to enable a plaintiff to make a case when

his complaint has failed to state a claim." *Id.* (quoting *Chudasama*, 123 F.3d at 1367).

The undersigned finds that it would be inappropriate to allow limited discovery in this case to respond to a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). Plaintiff does not seek discovery on factual matters, such as the existence of personal jurisdiction, but rather on issues that go to the sufficiency of his claim. Indeed, Plaintiff admits that the Motion to Dismiss turns entirely on questions of law. (Doc. 22 at 2–3 ("Defendant's such baseless arguments questioning the applicability of the policy are not facts but question of law for this court to decide.").) Plaintiff's argument that "discovery would bolster his claims against [Defendant] is therefore without merit," and the Motion is due to be denied. *Arora*, 855 F. App'x at 670.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Take Limited Discovery (Doc. 22) is **DENIED**. Plaintiff is **DIRECTED** to file a response to Defendant's Motion to Dismiss (Doc. 13) **on or before July 12, 2022**.

2. Defendant's Motion to Strike (Doc. 27) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE